| | |
|---|---|
| **JUDITH BROWN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **ECONOMY PREMIER ASSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on defendant's Motion for Judgment on the Pleadings. Having considered defendant's motion and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Background

This is an action for breach of a contract of fire insurance. Amended Complaint (#13) Exhibit A ("A.C. Ex. A"). The policy at issue provided coverage for accidental property loss for plaintiff's home located on Allison Watts Road in Franklin, North Carolina. Id. at ¶ 4. Plaintiff describes the premises as a permanently constructed home and a single wide mobile home adjacent to the permanent dwelling, served by one utility meter. Id. at ¶¶ 5-6.

Between 2014 and 2016, the permanent home was undergoing repairs due to water damage in 2014. Plaintiff contends that she was at the permanent home almost every day

during the period of repair, id. at ¶ 9, but that she moved a small portion of her daily personal clothing and cleaning supplies to the mobile home and sometimes slept overnight in the mobile home when repairs were being done on the permanently constructed home, id. at ¶12, and occasionally stayed overnight with a friend in an RV park. Id. at ¶13. The permanent home was destroyed by fire on October 11, 2016. Id. at 18. She contends that at the time of the fire, she was admitted to a local hospital. Id.

Plaintiff has asserted a claim for breach of the contract of insurance in Count I of the Amended Complaint and in Count II a claim for unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes ("UDTPA") based on denial of her claim and other actions she believes amount to aggravating factors.

Defendant has Answered and moved for judgment on the pleadings as to both claims. In addition, defendant seeks an award of attorney's fees, contending that the UDTPA claim was maintained both frivolously and maliciously.

**II.    Jurisdiction**

This matter was removed from the North Carolina General Court of Justice for Macon County, Superior Court Division, based on an assertion of diversity jurisdiction. It appearing that the parties are completely diverse and that the amount in controversy exceeds $75,000.00, this Court has jurisdiction over this action. 28 U.S.C. § 1332.

**III.   Defendant's Motion for Judgment on the Pleadings**

From the outset, defendant's Motion for Judgment on the Pleadings (#16) is out of the ordinary for this district. The motion itself is 33 pages and is followed by a

Memorandum of Law that is 25 pages, totaling 58 pages of text. Such submission is unwieldy and runs afoul of the spirit (if not the letter) of Local Civil Rule 7.1(d), which limits supporting briefs to 25 pages, and does not anticipate that a party will segregate its facts supporting the motion from the argument as done here. Counsel for defendant is advised that the Court would prefer that a straight-forward request be made to exceed the page limitation as the submissions now before make it most difficult to review the motion and brief.

Turning to the substance of the Motion for Judgment on the Pleadings, defendant contends that the Court should grant it judgment on plaintiff's breach of contract claim (Count I) as plaintiff's statements later made under oath are contradicted by earlier record statements she made to insurance investigators concerning where she lived at the time of the fire. In sum, defendant points to two 2016 recorded interviews with investigators where she stated she was not living in the permanent home at the time of the fire and contrasts those statements with her sworn testimony during her Examination Under Oath ("EUO") in 2017 that she was living in the permanent home at the time of the fire. Defendant contends that such false statements void all coverage as a matter of North Carolina law, citing Smith v. State Farm Fire & Casualty Co., 109 N.C. App. 276, 278-80 (1993).

As to Count II, defendant contends that it is also entitled to judgment as a matter of law on plaintiff's UDTPA claim. Defendant contends that none of the 11 reasons alleged in support of plaintiff's claim provides the required aggravating factor necessary to assert a UDTPA claim that is based on a breach of contract.

Finally, defendant seeks an award of attorney's fees in light of the improvidently asserted UPTPA claim. Defendant contends that such assertion was frivolous and that its maintenance was malicious.

### III. Motion for Judgment on the Pleadings Standard

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the Court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005).

Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Continental Cleaning Serv. V. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted).

In resolving a motion for judgment on the pleadings, the Court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the Court may take judicial notice. Bradley, 329 F. Supp. 2d, at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider

pleadings and judicially noticed facts). Where an insurance policy is "integral to and explicitly relied upon in the complaint," the policy itself should be considered along with the factual allegations of the complaint and answer. Colin v. Marconi Commerce Sys. Employees' Retirement Plan, 335 F. Supp. 2d 590, 596 (M.D.N.C. 2004).

IV. **Discussion**

    A. **Count I: Breach of the Contract of Insurance**

In North Carolina, a willful material misrepresentation in furtherance of a claim on a policy voids coverage. North Carolina courts have long held that the "Concealment or Fraud clause of a policy

> precludes coverage whether the alleged misconduct occurs before or after the loss. This holding is consistent with public policy since to hold otherwise would be to encourage policyholders to misrepresent losses. Such misconduct would carry no consequences if those policyholders were still permitted to recover in full under their policies.

Smith, 109 N.C.App. at 280 (citation omitted).

First, the Court has considered the Concealment or Fraud clause of the policy at issue in this case. That provision provides in relevant part, as follows: "We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has: . . . 3. Made false statements; relating to this insurance." Answer (#15), Ex. A, HE 00 07 07 13, at p. 19. In the now standard fire insurance policy provisions mandated under North Carolina law, that statute provides, as follows:

> (2) Concealment or fraud.--This entire policy shall be void if, whether before or after a loss, *the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject of this*

> *insurance*, or the interest of the insured in the subject of this insurance, or in the case of any fraud or false swearing by the insured relating the subject of this insurance.

N.C.Gen.Stat. § 58-44-16(f)(2) (emphasis added). Thus, the policy is void as a matter of law where the insured makes a material false statement relating to the insurance or the subject of the insurance.

Whether a misrepresentation is "material" is "a mixed question of law and fact that under most circumstances should be determined by the trier of fact, but it may be decided as a matter of law if reasonable minds could not differ on the question." Wagnon v. State Farm Fire & Cas. Co., 146 F.3d 764, 768 (10th Cir. 1998) (citations and quotation omitted, discussing Smith). In North Carolina,

> a misrepresentation during a loss investigation is material within the meaning of G.S. § 58–176(c) only when the misrepresentation prejudices the insurer. In this case, plaintiffs' misstatements did not prevent a prompt investigation of the fire by law enforcement officials and defendant's agents, nor did the statements concern the amount of the loss or the origin of the fire. We fail to see, therefore, how defendant was prejudiced by the inaccurate information given to defendant by plaintiffs.

Bryant v. Nationwide Mut. Fire Ins. Co., 67 N.C. App. 616, 622, 313 S.E.2d 803, 808 (1984), *aff'd in part, rev'd in part*, 313 N.C. 362, 329 S.E.2d 333 (1985). While Bryant predates both Smith and the 2010 revisions to Chapter 58 at play here, Bryant appears to remain authoritative on the subjective standard to be applied in determining whether a misrepresentation is material, which is whether the misstatement prejudiced the insurer.

Review of the 58 pages filed in support of the motion and the 24 pages found in the Reply reveal no argument under the Bryant standard or any argument or affidavit from the

insurer as to how it was prejudiced in its investigation by the alleged misstatement. Defendant's argument appears to be that plaintiff in fact told the truth both times when she discussed the fire with the insurer's investigators in 2016, and that it was not until the EUO in 2017 that she provided the material misrepresentation, to wit, she then falsely stated that she lived in the permanent home at the time of the fire when she realized that not living there would result in denial of her claim. The Court simply does not know what investigation took place after the alleged 2017 misstatement. On this record, this Court cannot conclude that the insurer was prejudiced in its investigation by the alleged falsehood. While defendant relies heavily on Smith, supra, for entry of a Rule 12(c) judgment, the circumstances warranting judgment in that case have been distinguished:

> Defendant cites *Smith v. State Farm Fire & Casualty Co.,* 426 S.E.2d 457, 459 (N.C. Ct. App. 1993), in arguing that where an insured's new revelations within an Examination Under Oath directly impeach his prior alibis to the insurance company, an insurer is entitled to judgment as a matter of law on the Concealment, Fraud provision. Def.'s Mem. at 19. In the Smith case, however, there were no genuine issues of material fact, and the plaintiff herself had informed defendant's agent that she made a material misrepresentation. 426 S.E.2d at 277–78.

Auffart v. State Farm Fire & Cas. Co., 1:11-CV-00004-CFB, 2012 WL 12869564, at *13 (S.D. Iowa May 24, 2012). Here, plaintiff admits that she made "apparently contradictory statements" in the 2017 EUO testimony, Answer, Ex. M (#15-13), when those answers are compared to her recorded statements in October 2016. Answer, Exs. C & G (#15-3 & #15-7). She has not, however, admitted that such statements were both willful and material.

*If* this matter makes it to trial, a jury may not be long delayed in making a conclusion adverse to plaintiff. However, the Court is without sufficient information and materials to impose a judgment on these pleadings as the Court cannot draw inferences against the nonmoving party to conclude as a matter of law that plaintiff willfully made false representations that were material to the ongoing investigation. The Court has noted well the other inconsistencies in plaintiff's version of the facts, especially concerning her whereabouts and actions on the night of the fires, some of which are confounding. While this claim survives Rule 12(c), defendant will be allowed to reassert the substance of the argument after the close of discovery upon a motion for summary judgment.

      **B.**      **UDTPA Claim**

Defendant has also moved for judgment on the pleadings on plaintiff's UPTPA claim, which is also based on her breach of contract claim. The UDTPA makes unlawful unfair or deceptive acts which affect commerce. <u>Strategic Outsourcing, Inc. v. Cont'l Cas. Co.</u>, 274 Fed. Appx. 228, 236 (4th Cir. 2008); N.C.Gen.Stat. § 75-1.1. Allegations of a mere breach of contract do not, however, constitute an unfair or deceptive act; rather, the UDTPA requires additional *aggravating factors*, such as fraudulent or deceptive conduct, or conduct that amounts to an inequitable assertion of power. <u>Mosley & Mosley Builders, Inc. v. Landin Ltd.</u>, 97 N.C.App. 511, 389 S.E.2d 576, 579-80 (1990).

Without repeating the arguments, the Court agrees with defendant that none of the eleven assertions made by plaintiff in support of this claim amount to an acceptable

aggravating factor, but are instead restatements of claims that the contract of insurance was breached when coverage was refused.

While the Court will not go through each of those assertions, it does note that there simply is nothing wrong with an insurance company representative informing the insured during the EUO that she cannot talk with her lawyer during breaks. "An insured may have an attorney present at the time of the examination under oath, but such attorney cannot take part." 13 *Couch on Insurance 3D* § 196:10 (3rd Ed. 2005); see also United States Fidelity & Guaranty Co. v. Welch, 854 F.2d 459 (11th Cir. 1988)(insurer's right to obtain sworn statements arises from policy provisions, is contractual in nature, and is not to be confused with procedures authorized by statute for taking depositions). The Court will grant judgment as to Count II and dismiss that claim with prejudice.

### C. Attorney's Fees Claim

While Chapter 75-16.1(2) allows for an award of attorney's fees for defending against a frivolous and malicious UDTPA claim, such an award will not be made here. Although defendant has prevailed on this claim, the Court cannot conclude that such claim was frivolously and maliciously maintained by plaintiff. N.C.Gen.Stat. § 75.16.1(2).

In addressing a similar request for fees, this Court's colleague in the Middle District held that "[t]he conclusion that Plaintiff's claim against Defendant Bleiman was legally insufficient, however, does not necessarily mean that it was also frivolous and malicious." Basnight v. Diamond Developers, Inc., 178 F. Supp. 2d 589, 593 (M.D.N.C. 2001). Under North Carolina law, "[a] claim is frivolous if a proponent can present no rational argument

based upon the evidence or law in support of [it]," <u>Blyth v. McCrary</u>, 184 N.C.App. 654, 663 n. 5 (2007) (internal citations and quotation marks omitted), and is "malicious if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." <u>Id.</u> While plaintiff's argument did not carry the day, the Court cannot conclude that the arguments by plaintiff's counsel in support of maintenance of the claim were irrational or that the claim was asserted based on any ill will; rather, the Court concludes that plaintiff fails to state a claim in Count II under prevailing law based on the lack of asserting any plausible aggravating factors.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Judgment on the Pleadings (#16) is **GRANTED** in part and **DENIED** in part, as follows:

(1) The request for judgment on the pleadings as to Count I is **DENIED** without prejudice as to reasserting the substance of the motion after the conclusion of discovery upon a Motion for Summary Judgment;

(2) The request for judgment on the pleadings as to Count II is **GRANTED**, and Count II is **DISMISSED** with prejudice; and

(3) The request for Attorney's Fees is **DENIED**.

The Stay (#20) is **DISSOLVED**. Within 14 days of this Order, the parties shall conduct an IAC and file a CIAC so that Judge Howell may conduct an IPC and enter an appropriate Pretrial Order.

Signed: April 2, 2018

Max O. Cogburn Jr.
United States District Judge