UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00206-MOC-WCM

| | |
|---|---|
| **JUDITH BROWN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **ECONOMY PREMIER ASSURANCE** ) | |
| **COMPANY**, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on defendant's Motion for Summary Judgment (#40), plaintiff's Response, and defendant's Reply.[1] For the reasons that follow, the Court determines that defendant is entitled to the summary judgment it seeks.

### FINDINGS AND CONCLUSIONS

**I.  Background**

This is an action for breach of a contract of fire insurance. Amended Complaint (#13) Exhibit A ("A.C. Ex. A"). The policy at issue provided coverage for accidental property loss for plaintiff's home located on Allison Watts Road in Franklin, North Carolina. Id. at ¶ 4. Plaintiff describes the premises as a permanently constructed home and a single wide mobile home adjacent to the permanent dwelling, served by one utility meter. Id. at ¶¶ 5-6.

Between 2014 and 2016, the permanent home was undergoing repairs due to water damage in 2014. Plaintiff contends that she was at the permanent home almost every day during the period

---

1   Also before the Court is plaintiff's Motion for Partial Summary Judgment (#41), which will be denied as moot.

of repair, id. at ¶ 9, but that she moved a small portion of her daily personal clothing and cleaning supplies to the mobile home and sometimes slept overnight in the mobile home when repairs were being done on the permanently constructed home, id. at ¶12, and occasionally stayed overnight with a friend in an RV park. Id. at ¶13. The permanent home -- which is the subject of this lawsuit -- was destroyed by fires on October 11 and 12, 2016. Id. at 18. She contends that at the time of the fires, she was admitted to a local hospital. Id.

The only claim remaining is a claim for breach of the contract of insurance, which is Count I of the Amended Complaint.[2] Despite the contentions in the Complaint, the proffer of evidence shows that plaintiff did not reside in the fire-damaged home that was covered by the policy of insurance. Even worse for plaintiff, the evidence now undisputedly shows that plaintiff knowingly gave fire investigators a false statement in 2017, under oath, that at the time of the fires she was living in the home -- a statement which is contradicted by earlier recorded statements she made to fire investigators in 2016.

While this Court agrees that an insurance company need not show that it acted in reliance on the false statements or was even taken in by them, it is obligated to show that the statements were material. At the conclusion of discovery, defendant has argued that it is entitled to summary judgment on this remaining claim because it has now shown that such knowingly false testimony was material to its investigation, voiding any coverage under the policy of insurance. This Court, having considered all the evidence before it and provided plaintiff with time for discovery on that and other issues, now agrees that plaintiff's knowingly false statement was indeed material to the investigation as the fact she misrepresented -- to wit, that she lived in the covered premises --

---

2    This Court earlier dismissed Count II, which was a claim for unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes ("UDTPA").

would be one reasonably expected to influence the decision of the defendant in its investigation of the claim or in paying the claim, regardless of the cause of the fires.

## II. Summary Judgment Standard

Defendant contends that it is entitled to summary judgment. Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> (**1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c). On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the Court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The Court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine

whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id. at 252.

### III. Discussion

In order for there to be a breach of the contract of insurance as alleged by plaintiff in Count I, there must be an enforceable policy of insurance. In North Carolina, a willful material misrepresentation in furtherance of a claim on a policy voids coverage. North Carolina courts have long held that the Concealment or Fraud clause of a policy

> precludes coverage whether the alleged misconduct occurs before or after the loss. This holding is consistent with public policy since to hold otherwise would be to encourage policyholders to misrepresent losses. Such misconduct would carry no consequences if those policyholders were still permitted to recover in full under their policies.

Smith v. State Farm Fire & Casualty Co., 109 N.C. App. 276, 280 (1993) (citation omitted).

With discovery now closed, it is undisputed that when she discussed the fire with fire investigators in 2016, plaintiff truthfully told them that she was not living in the home that had been destroyed by fire, but in a mobile home nearby. However, plaintiff told a different story in 2017 in her Examination Under Oath ("EUO"), to wit, that she was not living in the mobile home, but was living in the home that had burned at the time of the fires. That new version of "where

she lived" was necessary to prosecution of her "Additional Living Expense" ("ALE") claim under the policy due to an undisputed exclusion for losses occurring in an unoccupied residence. Plaintiff admits that she made "apparently contradictory statements" in the 2017 EUO testimony, Answer, Ex. M (#15-13), when compared to her recorded interview on October 20, 2016, with Mark Clark (Ex.T, 40-4) and her recorded interview on October 27, 2016,with Mike Nilles. (Ex.U, 40-5).

When the Court compares these statements, now in the Rule 56 proffer of evidence, it is clear that the EUO statement was designed to salvage coverage under the policy's personal residence requirement set forth under Coverage D – "Loss of Use." That provision provided that "Additional Living Expense" only applies "[i]f a loss covered under Section I makes that part of the "residence premises" where you reside not fit to live in …." (Ex.S, #40-3, p.5).

With discovery now closed and both sides having had the opportunity to submit all the evidence they believe is probative on this issue, the Court now concludes that not only was such statement was both false and knowing based on plaintiff's own admission in the Complaint, it was also material as it would reasonably be expected to influence the decision of the defendant in investigating, adjusting, or paying the claim. <u>Bryant v. Nationwide Mut. Fire Ins. Co.</u>, 313 N.C. 362, 370-371 (1985). Clearly, falsely claiming residency in a damaged dwelling -- where such a residency is a precondition to an ALE claim -- would reasonably be expected to influence an insurance company in deciding whether to pay that claim. Plaintiff has come forward with no evidence that creates a genuine issue of fact warranting trial as the evidence now before the Court could not reasonably support any conclusion other than that plaintiff's EUO testimony was false,

knowing, and material. Having determined that such false statement voids coverage as a matter of North Carolina law, defendant is now entitled to summary judgment.[3]

# ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#40) is **GRANTED**, plaintiff's Motion for Partial Summary Judgment is **DENIED** as moot, and this action is **DISMISSED** with prejudice.

Signed: February 5, 2019

Max O. Cogburn Jr
United States District Judge

---

[3] While plaintiff has presented substantial evidence that the fire was intentionally set, including unrefuted expert reports that the origin of the fire was petroleum-based accelerants in a bedroom, and that plaintiff was the only person who had access to the locked home at the time of the fire, the Court does not reach the alternative grounds for summary judgment as the grounds discussed are dispositive of the claim.